UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61015-Civ-SCOLA

ARCH SPECIALTY INSURANCE COMPANY,

    Plaintiff,
vs.

GULFSTREAM CRANE LLC, ERIC L. RINKUS,
SHANNON M. RINKUS, individually and as parents
of Z.R., CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, ALEA NORTH AMERICA INSURANCE
COMPANY, and BRIDGEFIELD EMPLOYERS
INSURANCE COMPANY,

    Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon the Plaintiff Arch Specialty Insurance Company's Motion for Summary Judgment. For the reasons explained in this Order, Arch Specialty's summary-judgment motion is granted.

#### I. BACKGROUND[1]

In January 2012, Eric L. Rinkus and Shannon M. Rinkus, husband and wife, filed a lawsuit in a Florida state court on behalf of themselves and their minor child, Z.R. The state-court lawsuit was brought against Gulfstream Crane, Eric Rinkus's former employer, as well as against several other parties. That lawsuit sought to recover for injuries sustained by Eric Rinkus while working for Gulfstream Crane at a construction site. The suit also sought loss of consortium claims against Gulfstream Crane on behalf of Shannon Rinkus and Z.R. Gulfstream Crane is insured by the Plaintiff, Arch Specialty Insurance Company, as well as by Catlin Syndicate 2003.

Catlin Syndicate 2003 filed a declaratory judgment action in federal court alleging that its liability insurance policy did not cover the Rinkus's claims. In that case, United States District Judge Donald M. Middlebrooks ruled that the "Expected or Intended Injury" exclusion in the Catlin insurance policy precluded coverage for the Rinkus's claims. Judge Middlebrooks

---

[1] The facts in this background section are taken from Arch Specialty's Statement of Undisputed Material Facts (ECF No. 30). The facts are deemed admitted to the extent that they are supported by evidence in the record, because the Rinkuses have not filed an opposing statement of facts controverting Arch Specialty's Statement. S.D. Fla. L.R. 56.1(b); *see also* Fed. R. Civ. P. 56(e); *Reese v. Herbert*, 527 F.3d 1253, 1267-68 (11th Cir. 2008).

concluded that Catlin did not have a duty to defend or indemnity Gulfstream Crane in the state-court action. Arch Specialty's insurance policy has an "Expected or Intended Injury" exclusion that is identical to the one contained in the Catlin insurance policy. Consequently, Arch Specialty is seeking a similar declaratory judgment in this case.

## II. LEGAL STANDARDS

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial . . . [o]nly when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir.2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

 B. <u>Collateral Estoppel</u>

  "The doctrine of collateral estoppel precludes a party from relitigating an issue that was fully litigated in a previous action." *Deweese v. Town of Palm Beach*, 688 F.2d 731, 733 (11th Cir. 1982). Collateral estoppel may be asserted by either a plaintiff or a defendant. *Id.* Offensive collateral estoppel is the situation where a plaintiff prevents a defendant from relitigating an issue that the defendant lost in a prior case. *Id.* There are several requirements for applying the doctrine of collateral estoppel: (1) "the issue at stake [must] be identical to the one involved in the prior litigation"; (2) "the issue [must] have been actually litigated in the prior litigation"; and (3) "the determination of the issue in the prior litigation [must] have been a critical and necessary part of the judgment in that earlier action." *Id.* (quoting *Stoval v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981)). When offensive collateral estoppel is in play, a court should also consider whether the plaintiff invoking the doctrine is a "free rider," that is whether the plaintiff waited to bring suit until after another plaintiff established liability. *Id.* Additionally, a court considering offensive collateral estoppel should inquire as to whether the defendant in the previous action had a sufficiently strong incentive to litigate that matter. *Id.*

### III. DISCUSSION

  Arch Specialty urges this Court to enter summary judgment in its favor. Arch Specialty argues that since the "Expected or Intended Injury" exclusion in its insurance policy is identical to the one contained in the Catlin insurance policy, there is no coverage for the Rinkus's claims against Gulfstream Crane in the state-court action. Arch Specialty further argues that the Rinkuses are barred, under the doctrine of collateral estoppel, from arguing that there is coverage for their claims under the Arch insurance policy because of the previous decision regarding the Catlin insurance policy.

  Applying the factors set forth by the Eleventh Circuit Court of Appeals in *Deweese v. Town of Palm Beach*, this Court finds that collateral estoppel is appropriate in this case. First, the issue in this case is identical to the issue in the Catlin case since both cases involve the same insured in the state-court action (*i.e.*, Gulfstream Crane), and because both cases involve identical "Expected or Intended Injury" exclusionary clauses. Second, there is no dispute that issue of whether coverage existed applying the language of the exclusionary clause to the Rinkus's claims was litigated in the prior litigation. Third, the determination of that particular issue was the centerpiece of the case before Judge Middlebrooks. Next, Arch Specialty cannot be said to be a "free rider" since it filed this action before Judge Middlebrooks issued his decision in the Catlin case. Finally, it is clear that not only did the Rinkuses have a strong

incentive to litigate the Catlin matter, but, in fact, they zealously litigated the Catlin case. (*See, e.g.*, Defs.' Resp. Summ. J. Mot & Cross-Mot. Summ. J., *Catlin Syndicate 2003 v. Gulfstream Crane LLC* (No. 11-60290) (S.D. Fla. Mar. 8, 2012), ECF No. 39.)

The Rinkus's three arguments against the application of collateral estoppel and summary judgment are unavailing. First, the argument that collateral estoppel requires mutuality of parties is legally incorrect. The mutuality requirement has been abandoned when collateral estoppel is based upon a prior federal court decision. *See Raiford v. Abney*, 695 F.2d 521, 523 (11th Cir. 1983). Second, Arch Specialty's failure to intervene in the Catlin matter is not a bar to the application of collateral estoppel. The Catlin action was filed in February 2011, but Arch Specialty was not notified about the Rinkus's claims in the state-court action until November 2011. There is a good chance that Arch Specialty would not have been permitted to join the Catlin case so late in the game. Additionally, since Arch Specialty filed this action before the final decision was rendered in the Catlin case this is not a situation where Arch Specialty can be said to have taken a "wait and see" approach. The Rinkus's final point is not an argument against the application of the collateral estoppel doctrine, but rather it is an attempt to relitigate the issue presented in the Catlin case (*i.e.*, whether coverage exists given the allegations in the state-court action and the language of the "Expected or Intended Injury" exclusion). But relitigating that question is precisely what collateral estoppel prevents the Rinkuses from doing here.

### IV. CONCLUSION

For the reasons explained above, this Court concludes that the doctrine of collateral estoppel prevents the Rinkuses from relitigating the insurance coverage issue that has already been decided in the Catlin matter. Given this determination, it is **ORDERED** that the Plaintiff's Motion for Summary Judgment (ECF No. 28) is **GRANTED**. Judgment is entered as a matter of law that the policy of insurance issued by Plaintiff, Arch Specialty Insurance Company, to Gulfstream Crane LLC does not cover Gulfstream Crane LLC for the cause of action asserted by Defendants Eric L. Rinkus, and Shannon M. Rinkus, individually and as parents of Z.R., a minor in Florida state court (*Rinkus v. Coastal Construction Services LLC*, No. CACE 0603803 (Fla. Broward Cty. Ct.)).

**DONE AND ORDERED** in Chambers at Miami, Florida on April 19, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**